RECEIVED

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

|  |  |  |
|---|---|---|
| DONALD MINEFIELD, | ) | 2.07-cv-278-MHT |
|  PETITIONER, | ) |  |
| vs. | ) | CIVIL NO: 2:05cv1066-MHT |
| UNITED STATES OF AMERICA, | ) | CRIM NO: 94-CR-62-N |
|  RESPONDENT(S). | ) |  |
| ———————————— | ) |  |

MEMORANDUM OF POINTS AND AUTHORITIES TO DISMISS

THE INDICTMENT IN THE INSTANT MATTER BASED UPON

LACK OF JURISDICTION, WITH SIMULTANEOUS REQUEST FOR

RELIEF PURSUANT TO RULE 60 (b) (4), FEDERAL RULES OF

CIVIL PROCEDURE REGARDING VOID JUDGMENTS AS APPLIED TO

THE DENIAL OF PETITIONER'S 2255.

COMES NOW THE PETITIONER, DONALD MINEFIELD, acting

In Propria Persona, respectfully request that this Honorable

Court will review this matter in the interest of justice, and

in support of the petitioner's motion for relief from judgment

captioned supra, hereby states as follow:

### JURISDICTIONAL DEFECTS

This Honorable Court may enterain a **jurisdictional**

question at any stage of the proceedings. (See: **Rule 12 (b)**

(1)

Fed. Rules Crim. Proc.) [See also: <u>Stirone v. U.S.</u>, 361 U.S. at 213 (1960) and: <u>Ex Party Baine</u>, 121 U.S. at 12-13 (1887)]. [See also: <u>HARRIS v. U.S.</u>, 149 F.3d 1304, 1308-09) and <u>JONES v. U.S.</u>, 224 F.3d 1259-60).

### JURISDICTIONAL STATEMENT

Title 28 of the United States Code, subsection 2255 is essentially a Civil Proceeding, even though it reaches questions in a criminal proceeding. The Rules Governing Section 2255 proceedings in the United States District Courts, provides at **Rule 12**, in part; **"...<u>the District Court may apply...the Federal Rules of Civil Procedure...to motions filed under these rules"</u>. Rule 60 (b) (4) grants this court jurisdiction, as it is not subject to the limitation(s) of Rule 60 (b), [1], [2] or [3].**

### CONSTITUTIONAL PROVISIONS INVOLVED

The instant motion seeks to cure a manifest injustice inflicted upon this petitioner, wherein the petitioner's Fifth Amendment right to **Due Process** and Sixth Amendment Right, to **Constructive Assistance of Counsel**, have been violated. These are collateral matters within the scope and meaning of the post conviction writ, which has come to be known as a Habeas Corpus Application pursuant to 28 U.S.C. Ss: 2255.

### STATEMENT OF THE CASE

The petitioner was convicted after trial by jury on January 14, 1995 as to all counts of the indictment in the instant matter. On May 22, 1995 the petitioner was sentenced to life imprisonment on count 2 and 240 months on the remaining

(2)

three counts to run concurrently. On count one of the indictment the petitioner pleaded not guilty because conspiracy is a lesser included offense of the CCE offense. Petitioner appealed in case number: 95-6423 USCA, Eleventh Circuit. The conviction was affirmed. On June 21, 1999, petitioner filed a proceeding under 28 U.S.C. § 2255, which was denied on June 13, 2003 giving rise to the instant motion. **It should be noted jurisdictional motions have no time frame.** (emphasis added See: Page 1 supra regarding jurisdictional defects).

### JURISDICTIONAL REASONS FOR GRANTING THE MOTION

The court is denying the petitioner's 2255, has created a situation of manifest injustice, in that **it is doubtful that the court had jurisdiction** to hold trial in the original criminal case, and then imprison this petitioner.

The construction of the indictment in the instant matter fails to provide essential elements of the crime, that would have put the defendant/petitioner on notice as to penalties and amounts of contraband alleged. These are what have now come to be known as APPRENDI JURISDICTIONAL QUESTIONS, pursuant to the United States Supreme Court's decision in APPRENDI v. NEW JERSEY, 120 S.Ct. 2348 (2000).

The indictment and the "Superseding" indictment in this case states, alleged violations of **"841(a)(1)"**. There is no mention of the penalty provisions of 841(b), which are a requirement as this section provides an **"ELEMENT"** of the crime that **"must"** be charged.

**(3)**

There is absolutely no mention as to any penalty pursuant to §841(b). In fact nowhere in the entire indictment can any penalty for drugs be found. Thus, in binding this petitioner over for trial, without the requisite jurisdictional elements in the indictment, this court has imprisoned this petitioner without authority, jurisdiction or due process of law, in violation of the Fifth Amendment to the United States Constitution. (emphasis added).

Based upon these serious constitutional errors there can be no doubt, given the nature of recent decisions discussed infra, that this Honorable Court, totally lacked any jurisdiction whatsoever, over Mr. Minefiled. (emphasis added).

The events of this case, never placed this petitioner, on notice, where the indictment was presented at arraignment. This brings us to the trial, portion of the instant matter. **Did this court have jurisdiction, and was the trial legal ?**

Rule 7 (c) (1) of the Federal Rules of Criminal Procedure states in part: " In general the indictment or the information shall be a plain, concise, and definite written statement of the ...essential facts... constituting the offense charged". (emphasis added)

Rule 7 (c) (3) states in part: "Error...shall not be ground for reversal...if the error or omission did not mislead the defendant to the defendants prejudice".(emphasis added). In the instant matter the failure to state essential elements required by the constitution, prejudiced this petitioner, and for

(4)

that matter his co-defendants.

Defense counsels failure to recognize and preserve these errors, **Constructively Denied this petitioner, the assistance of counsel** (emphasis added) in violation of the Sixth Amendment to the U.S.Constitution. **(See: U.S. v.CRONIC, 466 U.S. at 648).**

## DISCUSSION REGARDING THE ELEMENTS OF THE CRIME
## AND JURISDICTION

The question of whether a particular circumstance is treated as an element of a crime or simply a circumstance to be considered for sentencing is a question with **constitutional ramifications.** It is a question that this court, will have to answer in light of the recent United States Supreme Court de-isions referenced infra.

In **Almendarez-Torres, 523 U.S. 224, 118 S.Ct. 1219 (1998) and In Jones v.United States, 526 U.S. 227, 119 S.Ct. 1215 (1999)** the United States Supreme Court considered two criminal statutes and whether certain circumstances should be elements of those offenses, or simply sentencing factors, reaching a different con-clusion in each case.

The United States Supreme Court, then granted certiorari in a Fifth Circuit caseand a New Jersey case involving similar issues. **United States v. Castillo , 179 F. 3d 321 (5th Cir. 1999), certiorari granted, 120 S.Ct. 865 (2000) and; Statev. Apprendi, 731 A. 2d 485 (1999), certiorari granted, 120 S. Ct. 525 (2000).**

The indictment charging petitioner Donald Minefield and his co-defendants, did not allege an 841 (b) allegation, which

(5)

was a required **(ELEMENT)** [emphaisi added] and therefor should

have been charged in the indictment. this would have preserved

due process by placing the defendant on notice, thus allowing,

that these facts **(elements)** be presented to the jury and proven

beyond a reasonable doubt. Additionally, failure to allege an

total amount of contraband, which was later used to enhance,

whichwhich was not presented to the jury, is illegal and un-

constitutional.

### RELEVANT SUPREME COURT CASES

In **Jones** the United States Supreme Court considered

the Federal carjacking statute, 18 U.S.C. Ss 2119, and held

that the circumstances of serious bodily injury were an element

of the crime.

The court found that the statute established three

separate offenses with distinct elements specified for each. The

court held that each element must be charged by indictment,

proven beyond a reasonable doubt, and submitted to the jury

for it's verdict. The court reversed the convictions because

the indictment in that case failed to allege,and the jury did

not find, serious bodily injury. **Jones, 119 S.Ct. at 1218, 1228.**

In a footnote the court clarified the principles at

the heart of this decision.

> The dissent repeatedly chides us for failing
> to state precisely enough the principle an-
> imating our view that the carjacking statute
> as construed by the government, may violate
> the constitution. See: Post at 1229, 1235-1236
> 1237. The preceding paragraph in the text ex-
> presses that principle plainly enough, and we
> re-state it here: **under the Due Process Clause
> of the Fifth Amendment, any fact, (other than**

**prior conviction) that increases the maximum
penalty for a crime must be charged in an
indictment,submitted to a jury, and proven
beyond a reasonable doubt....**
....The constitutional safeguards that figure
in our analysis concern not the identity of
the elements defining criminal liability but
only the required procedures for finding the
facts that determine the maximum permissible
punishment; there are safeguards going to the
formality of notice, the identity of the fact
finder, and the burden of proof.

**Jones, 119 S.Ct. at 124, n.6. (emphasis added)**

In it's decision the Jones Court considered the language
and structure of the statute, but then discussed both  the
constitutional underpinning of it's holding and the line of
cases that, **at that time,** touched on, but left open the issue
here. The Jones Court was concerned with both Due Process
Principles and Sixth Amendment injury issues. It discussed
cases that permit States that choose elements that define
their crimes, but stressed the limitation that States may
not, reallocate the traditional burden of proof. **Jones, 119
S.Ct. at 1222.**

The court was also very concerned about the sanctity
of the jury's role, fearful that the Sixth Amendment would
be infringed if the jury's role was diminished to that of
**"LOW-LEVEL, GATEKEEPING"** id at 1225-1226 (emphasis added).

One of the cases Jones discussed was **McMillan v.
Pennsylvania,** 477 U.S. 79, 86(1986), which upheld a state
statute establishing a minimum mandatory sentence for visible
possession of a firearm during the commission of certain offenses.

**(7)**

The court found that the possession of a firearm was not an element of the offense but rather a sentencing factor that a judge could determine by a preponderance of the evidence. **McMillan**, 477 U.S. at 84-89, 106 S.Ct. at 2415-2417.

However, in the McMillan case, the court noted that the due process, reasonable doubt requirement could apply to facts not formally identified as elements of the offense charged. The court also recognized that it had not attempted to define the precise constitutional limits, on reallocation or reductions of burden of proof in criminal cases. **McMillan 477 U.S. at 86, 106 S.Ct. at 2416.** In reaching it's decision there the Court also noted that the statute at issue neither altered the maximum penalty nor created a separate offense calling for a separate penalty. The Court found that the fact of firearm possession was not "a tail that wags the dog of the substantive offense" id. **477 U.S. at 88, 106 S.Ct. at 2417.**

In a case decided one year before **JONES**, the Supreme Court held that provision of the federal illegal re-entry statutes which addresses prior felonies or aggraved felonies did not describe separate criminal offenses but just sentencing factors. **Almendarez-Torres**, 118 S.Ct. at 1226.

Almendarez-Torres looked at the language and structure of the statute at issue there, but the court repeatedly stressed that prior convictions and recidivism were typically and tradi-tionally considered key sentencing factors. **Id at 1224, 1229, 1230-31.** Almendarez-Torres recognized that an indictment must

(8)

set forth every element of an offense charged and the government must prove each element to a jury beyond a reasonable doubt . However, the question remained whether any particular fact should be considered an element. **Id at 1228-1229.**

Almendarez-Torres also considered factors discussed by the court in McMillan: whether the statute transgressed traditional limits of burden of proof, the degree of differential in the penalty, whether the statute changed the maximum penalty for the crime, and whether the statute permitted the questioned circumstance to be a "tail that wags the dog". **Almendarez-Torres, 118 S.Ct. at 1230.**

The Court in Almendarez-Torres declined to adopt a rule that any significant increase in a statutory maximum sentence would trigger elements requirements under the Constitution. **Almendarez-Torres , 118 S.Ct. at 1232. See also, Monge v. California, 524 U.S. 721, 118 S.Ct. 2246, 2250-2251, (1998) (observing that the court has rejected an absolute rule that an enhancement constituttes an element of the offense any time that it increases the maximum sentence to which a defendant is exposed).**

However, Almendarez-Torres expressly reserved judgment on whether a heightened standard of proof might apply to sentencing determinations that significantly impact the severity of the sentence. **Id. at 1233.**

**(9)**

## RELEVANT CIRCUIT CASES

Circuit Courts have applied Jones in the context of various circumstances, although none had at the time, applied Jones to find drug quantity to be an element of 21 U.S.C. Ss: 841. The Fourth Circuit found great bodily injury to be an element of the offense of failure to stop a vehicle for law enforcement. **United States v. Davis, 184 F. 3d 366, (4th Cir. 1999).** Applying the jones analysis, the Fourth Circuit noted that the language and structure of the statute suggested that bodily injury was only a sentencing factor. However, the court found that appearance misleading because the purported sentencing section of the statute conditioned a much higher penalty on an additional fact that was "quite as important" as the other offense elements. **Id. at 369-370.**

The Eleventh Circuit in **United States v. Allen, 190 F.3d 1208 (11th Cir. 1999)** found that intent to use a prohibited object as a weapon was an element of 18 U.S.C. Ss 1791 (2), possession by an inmate of a prohibited object. The Allen court also began with the language and structure of ss:1791. Even though subsection (b) was labeled "Punishment", the definition of prohibited object contained in subsection (d) of the statute was critical to an understanding of the offense. **Allen, 190 F.3d at 1210-1211. Allen** then considered factors garnered from **McMillan**: 1) the amount of increase in punishment, 2) the difficulty of objectively verifying the additional fact, 3) the amount of prejudice to the defendant from the presentation

**(10)**

of an additional fact to a jury, and 4) the lowering of the burden of proof required for conviction. **Id at 1211.**

Prior to Jones, several circuits had found that the amount of drugs was an element of the offense of the third sentence of the possession statute, **18 U.S.C. Ss 844(a).**

**United States v. Stone**, 139 F.3d 822 (11th Cir. 1998); **United States v. Deisch** , 20 F.3d 139 (5th Cir. 1994); **United States v. Sharp**, 12 F.3d 605 (6th Cir. 1993); **United States v. Michael**, 10 F.3d 838 (D.C. Cir. 1993); **United States v. Puryear**, 940 F. 2d 602 (10th Cir. 1991). Section 844(a) also was labeled with the word "Penalties", but these courts none- theless found that the amount was an integral part of the definition of the crime. The courts considered the structure of the statute, the legislative history, and the fact that the amount converted the offense from a misdemeanor to a felony. Several of the circuits expressed concern about the due process problems and impingement on the jury's role.  **Stone, 139 F.3d at 828-836 (quoting cases listed supra).**

. In the Fifth Circuit case that the Supreme Court accepted for review, Castillo, the appellate court applied the law of the case doctrine to find that the type of fire- arm was not an element of the offense in 18 U.S.C. Ss: 924 (c) (1). **Castillo, 179 F.3d at 326-328.** In the new Jersey case, that state's supreme court upheld enhanced sentencing based on a defendants motive to intimidate an individual be- cause of race, gender or other biased motives-what is commonly known today as a "HATE CRIME". **Apprendi, 731 A 2d at 486, 494- 497.**

**(11)**

The State Court Found that treating this motive as a sentencing factor rather than an element of the crime did not violate the First Amendment or due process rights. **Id.** The state court also considered **McMillan** factors, as discussed in **Almendarez-Torres.** Id at 494.

<u>CONSIDERATION OF 21 U.S.C. Ss 841</u>

Beginning with the language and structure of ss:841 , subsection (b) is labeled "Penalties" , but that subsection covers several pages and involves a myriad of circumstances. The number and complicated intertwining of the various circumstances, such as the amount of drugs, combined with a prior drug conviction, make this subsection just as important as the htreshold conduct prohibited in subsection (a). In addition some facts described in (b) are routinely treated as elements decided by a jury, such as intent to commit a crime of violence in (b) (7). In substance, the facts set forth in (b) are **"the tail that wags the dog". (emphasis added)**

Jones also considered whether a particular circumstance st issue has traditionally been treated as an element or a sentencing factor. In many states, the amount of drugs is an element of the offense for the jury to determine. **E.g. <u>Snoke</u> v. State;** 516 S.E. 2D 541 **(Ga Ct. App. 1999);** <u>Safford v. State</u>, **708 So. 2D 676 (Fla.2d DCA 1998).** As noted supra several federal circuit courts have found the amount of cocaine to be an element

**(12)**

of possession under 844 (a). traditional treatment thus indicates that the amount of controlled substance should be an element for purposes of ss: 841.

Turning to other **McMillan** type factors, applied by **Almendarez-Torres** and other circuit cases, the differential in potential punishments is dramatic: quantity determinations may increase a possible sentence from less than a year to life imprisonment and may trigger minimum mandatory sentences of five years or more. Quantity determinations, while seemingly empirical, often depend on estimates made by cooperating witnesses **(INFORMANTS SEEKING TO LESSEN THEIR OWN CULPABILITY) (emphasis added),** and so are appropriate for jury consideration. Since trial witnesses routinely discuss drug amounts , a defendant would not be prejudiced by presentation of this fact to a jury, as he might be by presentation of such a fact as a prior conviction.

### APPRENDI DOCTRINE

We now have an answer to those questions regarding the lower burden of proof permitted for a sentencing factor, the Supreme Court, has ruled in **Apprendi v. New Jersey**, 120 S.Ct. **2348, 2362-63,** that with the exception of the fact of a prior conviction, **" it is unconstitutional for a legislature to remove from a jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed".** The United States Supreme Court stated in part:

The question presented is whether the Due Process Clause of the Fourteenth Amendment **(NOTE BY APPELLANT : OR AS IT APPLIES**

**(13)**

**IN FEDERAL PROSECUTION THE FIFTH AMENDMENT)** Requires that a factual determination authorizing an increase in the maximum prison sentence for an offense from 10 to 20 years be made by a jury on the basis of proof beyond a reasonable doubt. **(147 L.Ed. 2d at 442)**.

**The constitutional question, however, is whether the 12-year sentence imposes on count 18 was permissible, given that it was above the 10-year maximum for the offense charged in that count. The finding is legally significant because it increased-indeed, it doubled-the maximum range within which the judge could exercise his discretion, converting what otherwise was a maximum 10-year sentence on that count into a minimum sentence. The sentences on counts 3 and 22 have no more relevance to our disposition than the dismissal of the remaining counts. (147 L.Ed.2d at 445).**

Our answer to that question was foreshadowed by our opinion in <u>JONES v. UNITED STATES</u> ,526 U.S. 227 (1999), construing a federal statute. we there noted that **"under the Due Process Clause of the Fifth Amendment and the notice and jury trial guarantees of the Sixth Amendment, any fact (other than prior conviction) that increases the maximum penalty for a crime must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt."** Id., at 243, n. 6. The Fourteenth Amendment commands the same answer in this case involving a state statute. **(147 L.Ed. 2d at 446)**

**(14)**

At stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amdt. 14, and the guarantee that **"[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury,"** Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to **"a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt."** <u>United States v. Gaudin</u>, 515 U.S. 506, 510 (1995); see also <u>Sullivan v. Louisiana</u>, 508 U.S. 275, 278 (1993); <u>Winship</u>, 397 U.S. at 364 (**"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged").** (147 L.Ed 2d at 447).

The historic link between verdict and judgment and the consistent limitation on judges' discretion to operate within the limits of the legal penalties provided highlight the novelty of a legislative scheme that removes the jury from the determination of a fact that, if found, exposes the criminal defendant to a penalty **exceeding** the maximum he would receive if punished according to the facts reflected in the jury verdict alone. **(147 L.Ed 2d at 450)**

In sum, our reexamination of our cases in this area, and of the history upon which they rely, confirms the opinion that we expressed in **Jones.** <u>Other than the fact of a prior conviction, any fact that increases the penalty for a crime</u>

(15)

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. With that exception, we endorse the statement of the rule set forth in the concurring opinions in that case: "[I]t is unconstitutional for a legislature to remove from the jury the assessment of facts that increase the prescribed range of penalties to which a criminal defendant is exposed. (147 L.Ed 2d at 455).

The new Jersey procedure challenged in this case is an unacceptable departure from the jury tradition that is an indispensable part of our criminal justice system. Accordingly, the judgment of the Supreme Court of New Jersey is reversed.

### UNITED STATES v. EDWARDS

The United States Supreme Court decided the matter of United States v. Edwards, ( 62 CrL, 3176 3-4-99). In that case an extremely relevant discussion takes place as they are applied to the facts of the instant matter. [ **The quotes contained herein are taken verbatim from the Bureau of National Affairs-Criminal Law Reporter, Volume 62, at page 3176** ]

> Scalia observed that there are no penalties in section 841 (a); therefore, he said, "Section 841 (a) cannot be the object of the conspiracy under the language of Section 846."

> and:

> Dumont [Edwards C. Dumont Assistant to the Solicitor General of the United States ] disagreed, with Scalia's point and observed that the penalties for 841 (a) are enumerated in Section 841 (b).

and:

Scalia responded, that Section 841 (b) then becomes part of the offense.

In the instant matter the indictment failed to allege a violation of **21 U.S.C. Ss 841 (b).** The indictment never stated an essential element regarding the amount of alleged contraband the petitioner would be held accountable for. The indictment was invalid, as it never placed the petitioner on notice as to what portion of the penalty provision would be applied to him. The entire series of events, that come after the arraignment are void, no matter if the conviction resulted from a plea, bench trial, or Jury trial as various essential element's of the crime alleged, were not included as required under the Due Process Doctrine, in the charging indictment, and as such this court lacked any jurisdiction whatsoever, to accept a plea, hold a trial or impose a sentence.

**II. THE COURT(S) ACTED VINDICTIVELY AND COMMITTED JUDICIAL UNFAIRNESS BY NOT GRANTING PETITIONER RELIEF RELEVANT TO THAT OF CO-DEFENDANT JERRY ARTIS WHERE IDENTICAL CLAIMS RAISED UNDER RICHARDSON, AND THE NEWLY DISCOVERED EVIDENCE BASED UPON THE SWORN AFFIDAVIT OF REGINALD CRAWFORD WARRANT THIS COURT TO REVIEW THIS PETITIONER'S CLAIMS OF ACTUAL, FACTUAL OR LEGAL INNOCENCE.**

Specifically, and in an attempt to litigate these claims explicitly, Petitioner Minefield continues in asserting his actual innocense as not only being named as a co-conspirator to any of the government's charges in the indictment, but bears

(17)

fruit to the <u>fact</u> that neither he nor the co-defendants named
in the indictment are or were aquantied, nor did any of them
conspire to conduct any illegal transactions therein. The Court
is respectfully requested to closely review Petitioner's affidavit
, submitted under oath by none other than Reginald Crawford,
whom, had counsel not been ineffective, would have testified
as charactor witness to the facts that the government's case
is frivolus and based on hearsay statenments made by defendants
out of proceeding(s). **See., <u>EXHIBIT ONE</u>.**

It is well within this Court's judicial discretion, and
true integrity for justice to further review these factors and
answers to the questions raised within the affidavit in open
court to further bring and ends to justice, to simply ignore
these claims would be unfair, vindictive and capricious with
the Court now knowing this particular sworn type **Newly Discovered
Evidence** exist, and is a factor to consider under Rule 60(b)(4)
and (6) where this Court can now find many appropriate facts
for determining the Petitioner's motivation for justice and his
delayed unconstitutional freedoms.

In addition and moreover, what carries even more weight
and merit is the Petitioner is trying to seek to cure a manifest
injustice inflicted upon this petitioner, wherein the petitioner's
Fifth Amendment right to **Due Process** and Sixth Amendment Right,
to **Assistance of Counsel,** have been violated. The fact that this
Court now has subject-matter jurisdiction and soul discretion to
exercise is authority to immediately review Petitioner's conviction

(18)

and sentence due to the exstringent **undue hardshios, unfairness and extraordinary Factual or Legal Innocense** brought herein under **Rule 60 (b) (4) and (6),** where on February 9, 2004, a full year prior to Petitioner's co-defendant, **Jerry Artis.** Accordingly, Petitioner Minefield submitted to this very Court a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c) (1)(B). It was Petitioner's claim all along (COA §2253), that the Supreme Court's decision under **Richardson v. United States, 526 U.S. 813 (1999) ("requiring that juries must unanimously agree on which specific predicate violations make up the con- tūnuing series of violations')** that his CCE conviction should be VACATED.

The unfair prejudice came in where on January 19, 2000, co-defendant jerry Artis filed his § 2255, this motion was handled by none other than this very Court (Judge Alaimo), whom GRANTED Artist's motion and further, vacated the CCE conviction. The Court clearly showed extraordinary prejudice and hardships where Petitioner filed his § 2255 motion beofre the very same Court (Judge Alaimo) over **six months prior to Artis' §2255 motion** , where not only the same identicle issues were raised, but Petitioner Minefield was severely prejudice with ineffective of counsel during the most critical stages of his trial proceedings prior to all these facts which still and furthermore, due to the Supreme Court's rulings,have even more merit today......right now.

It should clearly **not be ignored** that Artis were tried together, and that the jury instructions identical in everyway.

**(19)**

As a matter of the facts, Petitioner Minefield claimed, just as
Artis did that the jury **could** **not** have determined unanimously what
three violations has been committed, referring to **Richardson.**
**See., [Brief on appeal-COA page 5-8]**. After Artis was resentenced
[the Court reinstated the drug conspiracy, and imposed a Life
imprisonment], he claimed an **Apprendi** violation ("other than the
fact of a prior conviction, any fact that increases the penalty
for a crime beyond the prescribed statutory maximum must be submitted
to a jury, and proved beyond a reasonable doubt"). **530 U.S. at 490,**
**120 S.Ct. at 2362 (2000). See: Artis, 358 F.Supp.2d 1094, at 1098-**
**99 (2005)**.  The court-on objections to the newly imposed sentence-
vacated the Life sentence and ordered Artis to be resentenced under
841(b)(1)(C).

It is wisely and clearly factually extraordinary that the
Eleventh Circuit was not aware of Judge Myron Thompson's decision
to resentence Artis, and the CCE conviction that was ultimately
vacated four years previously to the ruling by this Court against
the Petitioner's rehearing/rehearing en banc that was decided against
Minefield on March 5, 2005. It is certainly an inherent miscarriage
of justice to allow Minefield's CCE conviction to remain intact,
and it is furthermore a default in judgment based upon the facts,
and is without any doubts extraordinary exceptional circumstances
of actual innocense under **Rule 60 (b)(4) and (6)**.

In as much, this action is ascerted under the Federal
Rules of Civil Procedures **Rule 60(b)(4) and (6)** for the extraordinary

**(20)**

circumstances not only mentioned thus far, but for the factual
**NEWLY DISCOVERED EVIDENCE** clearly under presedent(s) of major
importances following **Jones**, **Apprendi**, **and Ring**, came the Supreme
Court's encounter with the matter of **Blakely v. Washington, 124
S.Ct. 2531 (2004),** where the Supreme Court clarified it's precedent
holding in **Apprendi** as to the true and prevailing definition of the
term "statutory maximum" for purposes of Sixth Amendment implications
and sentencing limitations in which Petitioner Minefield ask this
Honorable Court to properly reverse it's judgment against.

Petitioner Minefield further ascerts that the availability of
Federal Rules of Civil Procedure 60 (b) motions as the foregoing
does properly challenge the integrity of the final order entered
in his habeas corpus proceedings because these claims have instant
merit and this action certainly asserts new **constitutional** **claims**
with the preservations NOTICE to amend .

Petitioner Minefield also contends that the court abused
it's discretion to impose the term it has based on the fruit of
the poisonous tree by virtue of his Sixth Amendment rights, as
well as First, Fourth, Ninth and fourteenth Amendment rights.

It's clear and many court have held that decisions in
this circuit whom addressed retroactivity of **Apprendi** under
**Teauge v. Lane**, 489 U.S. 288 (1989); **U.S. v. Moss**, 137 F.Supp. 2d
1249 (D.Kan; 2001); thus, this Court is requested to make such
findings so addressed herein and grant the relief requested by
the Petitioner.

As a matter of law and essential mitigating factors to

(21)

why and how this Court should vacate the instant conviction at this juncture are the following:

(a) The United States Sentencing Guidelines are no longer mandatory; thus, the United States Sentencing Commission has voted and adhered these principles.

(b) A sentencing Judge must consider the Guidelines and all factors listed in Section 3553(a), to which due to Petitioner's ineffectiveness of counsel deprived him from a fair outcome of his proceedings and filings due to the conflicts of interest.

(c) Consideration of the Guidelines will normally require determination of the arguably applicable ranges, or at least indentification of the arguable applicable ranges.

(d) The Court should make a clear cut finding and consideration of applicable policy statements as they are relied on today under the new rules of procedure(s) to be commenserate with the proper standings of the Supreme Court.

(e) The Court in this case must compare the relief granted Jerry Artis as the Petitioner is not only entitled to the same reductions but moreover, an immediate VACATION of his term as a result of Sixth Amendment violations. See Crawford v. Washington, (No. 02-9410); Lilly v. Virginia, 527 U.S. 116, 134 (1999), and Petitioner has clearly supported more than three prongs of counsels ineffectiveness under Strickland v. Washington, 466 U.S. 668 (1984); where had it not been for counsel's failure to call particular witnesses, inter alia, the outcome certainly would have been different.

(22)

(f) Finally, the Court must take into consideration the Newly Discovered Evidence as to the annexed affidavit where the witness should have the right to testify on behalf of the Petitioner **(EXHIBIT ONE)**, because the answers of **Reginald Crawford** are factual and place the Court in position to allow the truth to be made in correcting this miscarriage of justice against Petitioner Minefield.

Based even purely upon **EXHIBIT ONE** this Court should now decide that collectively all the foregoing certainly warrant a new trial hearing, or moreover, that the term imposed is certainly un-constitutional because there exist many factors set forth in 3553 (a), whether there was an error in the term imposed under the Guide-lines, and the fact this Court is dealing with an individual under **ACTUAL INNOCENCE,** and the Petitioner herein preserves this claim for further argument pending the granting of the entitled to new trial.

This Court is now entitled and has judicial subject matter jurisdiction to find all the facts appropriate for determining either a guidelines Sentence errer(s), Ineffective Assistance of Counsel, Non-Guideline Sentence and Factual Innocence, because the Petitioner's claim have merit and are indeed factual.

It is obious that the Court today should be fully aware and comprehend the importance of the Supreme Court's opinion of the Sentencing Guidelines calculation, but also, rather, it shall perform the task it now feels it has to make in correcting the unconstitutional term imposed.

At the previous sentencing, it appears that the Court

**(23)**

has a sentence in mind and needed to come up with a Guideline calculation that had a corresponding sentencing range that came as close as possible to the term of imprisonment it wanted to impose.

This today, is NOT what the Supreme Court has in mind when it made the Guidelines now advisory, This NEWLY DISCOVERED EVIDENCE alone clearly has merit today under Rule 60 (b), 3553(a) and all sentencing factors when the U.S. Sentencing Commission has clearly amended the Guidelines that clearly in this particular case, make the amendment retroactive.

For the sentencing court to treat the prior unconstitutional calculations of a Guidelines Offense Level as an obligation [particuarly in light of Petitioner's being erroniously 42 (+2 w/weapon], rather than as a guide as they are now intended to be utilized, is and would remain to be erronious and unreasonable and require remand for resentencing per only a downward departure and VACATION.

Even if the Petitioner were to agree with the district court's guidelines calculations per the PSR (Which we vehemently contend were errnious), Petitioner Minefield's sentence was substantially higher and moreover, he is ACTUALLY INNOCENT, thus this Court should properly correct this miscarriage of justice pursuant to all the foregoing Newly Discovered Evidence supported by the unconstitutional errer so implimented in his unlawful sentence amended by the U.S. Supreme Court's opinions.

Becuase of these factual merits, to include specifically the annexed exhibits, Guidelines corrections, ineffective assistance

(24)

of counsel, absence of proper cross examinations or calling of
witnesses on behalf of Petitioner Minefield, this Rule 60 (b)
adheres to the matter.

It is herein the Petitioner's respectful request that this
Honorable Court would adhere to all the foregoing, **ignoring no
grounds or facts mentioned** and specifically **GRANT** the Petitioner
a new trial, with the right to amend, correct, cross examin and
reintroduce into the court Newly Discovered Evidence on the record,
with competent counsel, or that the Court would without delay VACATE
the unconstitutional miscarriage of justice.

### PRAYER FOR RELIEF

**WHEREFORE,All premises considered,** the distinction lies
in the harm rendered to the petitioner Minefield and he has rendered
a judicially fundamentally sound argumentational action and because
this action is designed and is specifically supported by (1) Peti-
tioner's claim that 'rel[y] on a new rule of constituional law,
and (2) ha has clearly raised claims that rely on a rule of con-
stitutional law and is based on evidence that 'could not have been
discovered previously through the exercise of due diligence' and
would have established his actual innocence because under all the
factors herein with the convincing evidence. . . . . . no reasonable
factfinder would have found Petitioner Minefield guilty of the
underlying offense as it unconstitutionally stand today.

**WHEREFORE,** the Petitioner Minefield prays entry of an
order granting this motion under Fed. R. Civ. P. 60 (b) (4) and (6),

(25)

vacating the judgment of conviction and sentence entered in the companion criminal matter, and such other and further relief as to this Honorable Court seems just and proper.

Dated this _27_ day of March,2007.

Respectfully submitted,

DONALD MINEFIELD , PRO-SE
REG. NO.09298-002
USP-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA  26525

(26)

## CERTIFICATE OF SERVICE

I, **Donald Minefield,** do hereby certify that I caused the Original and a true and correct copy of the foregoing "Motion For Relief For Judgment Pursuant to Rule 60(b) " to be served on the interested parties below, after having first placed same in separate envelopes, with suffcent first class postage afixed (Pre-Paid) and then depositing same in the prison mail box on the date appearing infra to the addreesses below.

Dated this __27__ Day of March, 2007.


**Clerk of the Court
For The Middle District of Alabama
One Church Street
P.O. BOX 711
MONTGMERY, ALABAMA   36101-0711**

    **and to;**

**Charles Teschner
U.S.Assistant Attorney
One Court Square, Suite 201
P.O. BOX 197
MONTGMERY, ALABAMA   36104**


By: _Don Minfield_
**DONALD MINEFIELD, #09298-002**


**(27)**

DONALD MINEFIELD
REG. NO. 09298-002
UNITED STATES PENITENTIARY-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

LEGAL MAIL:                    LEGAL MAIL:

CLERK OF THE COURT
U.S.DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
ONE CHURCH STREET
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711
LEGAL MAIL:                    LEGAL MAIL:

## <u>EXHIBIT  ONE</u>

E X H I B I T

---

AFFIDAVIT FROM REGINALD CRAWFORD

AFFIDAVIT/STATEMENT

This affidavit was prepared by Don R. Minefield (Pro-Se)
pursuant to 28 U.S.C. §2255, Rule 7(b) and mailed to Reginald
Crawford for answering in support of Don R. Minefield 28 U.S.C.
§2255 motion, upon answering of this affidavit by Reginald
Crawford, the affidavit is to be signed, dated, certified/
notarized and mailed back to Don R. Minefield at the following
address:

Don Minefield
Reg. No. 09298-002
Post Office Box 1000
Leavenworth, Kansas 66048

_Don R. Minefield_
Signature

I hereby certify/notarize that a true and correct copy of
this affidavit was mailed by U.S. mail to Reginald Crawford
this ___20___ day of ___04___ 2004.

_Certify/Notarize_ 4/20/04          _Don R. Minefield_
                    Date                    Signature

AUTHORIZED BY THE ACT OF
JULY 7, 1955 TO ADMINISTER     A F F I D A V I T
OATHS (18 USC, 4004)

1. How long have you known Don Minefield?

2. Do you know Donnie Ray Davis, a resident of Prattville,
   Alabama?

3. Were you ever interviewed by attorney Charles Law?

4. Have you ever drove Minefield to a meeting between Donnie
   Ray Davis and yourself for alleged drug deals?

5. have you ever owned a pager with the number 519-1626?

6. Do you have any knowledge of Donnie Ray Davis purchasing drugs from you in the presence of Don R. Minefield in 1992?

7. Do you have any knowledge of Don Minefield selling Donnie Ray Davis drugs in your presence in 1992?

8. Do you know agent John Mark Whitaker?

9. In 1992, did Donnie Ray Davis ever page you with concern of receiving drugs through Minefield?

10. In 1994, would you have testified on Don Minefield's behalf that he had no knowledge of any drug dealing between you and Donnie Ray Davis?

Reginald Crawford

I hereby certify/notarize that I witnessed the handwritten signature of <u>Reginald Crawford</u> to the aforementioned affidavit prepared by <u>Don R. Minefield</u>, this _26_ day of _April_ 2004.

Thereassa Marie McDaniel
Expires 10/01/07
Certify/Nortarize

26 April 04
Date

Thereassa Marie McDaniel
Signature

Reginald Crawford

2

EXHIBIT

_____

REGINALD CRAWFORD'S ANSWERS TO
DON R. MINEFIELD'S AFFIDAVIT/QUESTIONS

I, Reginald Crawford, do hereby certify via Notary
Public, that the below statement(s) are true and correct,
and was made voluntarily, knowingly, and without coercion
in support of Don R. Minefield's 28 U.S.C. §2255 motion,
per Don Minefield's request in his affidavit/statement.

The below is submitted and sworn to under penalty of
perjury. 28 U.S.C. §1746.

1. I Known him for over 25 years

2. yes

3. NO, SiR

4. NO, SiR

5. yes I did

6. NO, Sir that Never happened

7. NO, SiR

8. NO, SiR

9. NO, SiR   NOT TRUE

10. yes Sir I would have if called

Affianth sayeth not.

_Thereassan Marie McDaniel_
NOTARY PUBLIC
expires 10/01/07

_Reginald Crawford_
Reginald Crawford

_26 April 04_
DATE

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Petition for Rehearing was mailed on this _08_ day of November 2004 and presented in good faith to the partie(s) listed herein:

> Solicitor General of the United States
> Room 5614, Department of Justice
> 950 Pennsylvania Ave., N.W.
> Washington, D.C. 20530-0001

_Don R. Minifield_
Don R. Minifield

_____
Notary Public

_Stambaugh_ 11/08/2004
AUTHORIZED BY THE ACT OF
JULY 7, 1855 TO ADMINISTER
OATHS (18 USC. 4004)

_____
Commission Expires

Sworn before me on this _08_ day of November 2004.

1 of 1

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT


DONALD MINEFIELD                          —          APPELLANT


vs.


UNITED STATES OF AMERICA                   —          APPELLEE


APP. CASE NO. 03-15103-J

---

C E R T I F I C A T E   O F   S E R V I C E


I, hereby certify that I did mail a correct and true copy
of the foregoing on this 29th day of October, 2003, to:


Assistant U.S. Attorney
Stephen P. Feaga
Post Office Box 197
Montgomery, Alabama 36101-1097


Respectfully,

*Don R. Minefield*

Donald Minefield
Reg. No. 09298-002
USP Leavenworth
Post Office Box 1000
Leavenworth, Kansas 66048

C.C./D.M.

27BC, MHT-ClerkB, SC

# U.S. District Court
## Alabama Middle District (Montgomery)
### CRIMINAL DOCKET FOR CASE #: 2:94-cr-00062-MHT-CSC-11
### Internal Use Only

Case title: USA v. Andrews, et al          Date Filed: 11/17/1994

Assigned to: Honorable Myron H.
Thompson
Referred to: Honorable Charles S.
Coody

**Defendant**

**Donald Minnifield** (11)          represented by  **Donald Minnifield**
                                                     #09298-002
                                                     USP Hazelton
                                                     P. O. Box 2000
                                                     Bruceton Mills, WV 26525
                                                     PRO SE

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Opening)**

None

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level
(Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**United States of America**          represented by **Louis V. Franklin, Sr.**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: louis.franklin@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Stephen P. Feaga**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: steve.feaga@usdoj.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/17/1994 | | **Added party Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Lee Drayton, Lorenzo Hughes, Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis for 2255 Proceedings (snc) (Entered: 05/22/2000) |
| 11/17/1994 | | **Added Government Attorney Louis V. Franklin Sr. as to Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Lee Drayton, Robert L. Franklin, Lorenzo Hughes, Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis (snc) (Entered: 05/22/2000) |
| 11/17/1994 | | CASE assigned to Judge Anthony A. Alaimo (snc) (Entered: 05/22/2000) |
| 11/17/1994 | | Magistrate Judge Charles S. Coody assigned to case for discovery matters as well as matters subsequently referred by District Judge Anthony A. Alaimo . (snc) (Entered: 05/22/2000) |
| 06/21/1999 | | **Added (ip) party Donald Minnifield, P. O. Box 1000, Leavenworth, KS 66048-1000 (snc) (Entered: 06/02/2000) |
| 06/21/1999 | 1275 | MOTION by Donald Minnifield to Vacate under 28 U.S.C. 2255 [1275-1] referred to Mag. Judge Charles S. Coody/SA Anderson (Assigned to Judge Alaimo) (snc) (Entered: 06/02/2000) |

| 06/21/1999 | 1276 | MEMORANDUM by Donald Minnifield in support of [1275-1] motion to Vacate under 28 U.S.C. 2255 Referred to Judge Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 07/06/1999 | 1280 | ORDER as to Donald Minnifield, Response to Motion set for 7/26/99 for government re [1275-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: counsel and dft, Copies furnished to: USA, USPO, USPTSO, USM, TIM (snc) (Entered: 06/02/2000) |
| 07/08/1999 | | Notice of Appeal docketed and transmitted to USCA, Eleventh Circuit re: appeal by Curtis Drayton (snc) (Entered: 06/01/2000) |
| 07/22/1999 | 1291 | MOTION by USA as to Donald Minnifield for Extension of Time re [1275-1] referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 07/22/1999 | | STAMPED ORDER as to Donald Minnifield granting [1291-1] motion for Extension of Time as to Donald Minnifield (11) ( Entered by Mag. Judge Charles S. Coody ) Copies mailed to: defendant, Copies furnished to: USA, USPO (snc) (Entered: 06/02/2000) |
| 07/30/1999 | 1293 | Received Jurisdictional question from USCA, Eleventh Circuit of whether the district court's 6/15/99 order denying the "motion to stay pending disposition of movant's motion to stay and motion for discovery" is final and appealable? (snc) (Entered: 06/01/2000) |
| 08/17/1999 | | Original papers as to Curtis Drayton sent to USCA, Eleventh Ciruit per their request (6 volumes of original papers) (snc) (Entered: 06/01/2000) |
| 08/20/1999 | | Received acknowledgment of receipt of 6 vols of the record on appeal sent to USCA, Eleventh Circuit (snc) (Entered: 06/01/2000) |
| 08/26/1999 | 1296 | RESPONSE by USA as to Donald Minnifield re [1275-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag. Judge Charles S. Coody (snc) (Entered: 06/02/2000) |
| 09/10/1999 | 1299 | ORDER as to Donald Minnifield, Reply to Response to Motion reset for 9/29/99 for Donald Minnifield for [1275-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 06/02/2000) |
| 09/28/1999 | 1307 | Received certified copy of DISMISSAL for lack of jurisdiction (received 9/27/99, rendered 9/23/00) of the U.S. Court of Appeals, Eleventh Circuit, that the district court's June 15 order, denying discovery, is not final under 28 USC 1291 because it does not end the litigation on the merits, that the order, moreover, does not fall within the collateral-order exception because it can be reviewed effectively on appeal from a final judgment, that because this Court lacks jurisdiction, appellant's motion for leave to proceed in forma pauperis is DENIED as moot. (Before: TJOFLAT, COX and HULL, |

| | | Circuit Judges.) [99-12143-J] [DISMISSAL IS ISSUED IN LIEU OF THE MANDATE] (snc) (Entered: 06/01/2000) |
|---|---|---|
| 10/01/1999 | 1310 | REPLY by Donald Minnifield to response to [1275-1] motion to Vacate under 28 U.S.C. 2255 Referred to Judge Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 10/04/1999 | | File referred to SA Anderson (snc) (Entered: 06/01/2000) |
| 10/21/1999 | | File referred to Judge Coody/SA Anderson (snc) (Entered: 06/01/2000) |
| 11/29/1999 | 1329 | Supplemental MEMORANDUM by Donald Minnifield in support of [1275-1] motion to Vacate under 28 U.S.C. 2255 Exhibits A & B attached. Referred to Mag Judge Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 12/02/1999 | 1330 | ORDER as to Donald Minnifield construing defendant's supplement to 2255 motion as containing a moiton to amend; granting said motion and directing the government to file an answer on or before 12/22/99 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 06/02/2000) |
| 12/21/1999 | 1335 | Supplemental RESPONSE by USA as to Donald Minnifield re [1275-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 12/29/1999 | 1338 | ORDER as to Donald Minnifield, Reply to Response to Motion set for 1/18/00 for Donald Minnifield for [1275-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA,USM, USPTSO, USPO (snc) (Entered: 06/02/2000) |
| 01/10/2000 | 1344 | Emergency MOTION by Donald Minnifield for Extension of Time re [1344-1] referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 06/02/2000) |
| 01/12/2000 | 1345 | ORDER as to Donald Minnifield granting [1344-1] motion for Extension of Time as to Donald Minnifield (11), Reply to Response to Motion reset for 1/31/00 for Donald Minnifield for [1275-1] motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 06/02/2000) |
| 01/19/2000 | 1347 | "Addendum Emergency MOTION by Donald Minnifield for Extension of Time re [1347-1] Referred to Judge Coody/SA Anderson referred to Mag. Judge Charles S. Coody (snc) (Entered: 06/02/2000) |
| 01/24/2000 | 1353 | "Traverse" by Donald Minnifield to Government's response in Opposition to [1275-1] motion to Vacate under 28 U.S.C. 2255 Referred to Judge Coody/SA Anderson (snc) (Entered: |

| | | 06/02/2000) |
|---|---|---|
| 02/15/2000 | 1360 | ORDER as to Donald Minnifield granting [1347-1] emergency motion for Extension of Time as to Donald Minnifield (11) ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 06/02/2000) |
| 04/13/2000 | | 28:2255 MOTIONS ASSIGNED TO JUDDGE ALAIMO (PER JUDGE THOMPSON) (snc) Modified on 06/01/2000 (Entered: 05/23/2000) |
| 05/12/2000 | 1412 | AFFIDAVIT of Joi Marie Hall Re: [1346-1] supplemental amended motion Supplemental to Vacate under 28 U.S.C. 2255, [1342-1] to Vacate under 28 U.S.C. 2255 Referred to Judge Coody/SA Anderson (snc) (Entered: 06/09/2000) |
| 05/12/2000 | 1413 | AFFIDAVITS of Camilia Lander and Donald B. Lander with attachments Re: [1346-1] supplemental amended motion to Vacate under 28 U.S.C. 2255, [1342-1] motion to Vacate under 28 U.S.C. 2255 Referred to Judge Coody/SA Anderson (snc) (Entered: 06/09/2000) |
| 05/22/2000 | | (snc) (Entered: 05/22/2000) |
| 08/22/2000 | 1478 | MOTION by Donald Minnifield to Amend [1275-1] motion to Vacate under 28 U.S.C. 2255 by Donald Minnifield [1478-1] referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 08/22/2000) |
| 08/25/2000 | 1479 | ORDER as to Donald Minnifield granting [1478-1] motion to Amend [1275-1] motion to Vacate under 28 U.S.C. 2255 by Donald Minnifield directing government to file a supplemental answer to amended motion within 20 days ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 08/25/2000) |
| 09/14/2000 | 1484 | SUPPLEMENTAL RESPONSE by USA as to Donald Minnifield re supplement to [1275-1] motion to Vacate under 28 U.S.C. 2255 referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 09/15/2000) |
| 09/21/2000 | 1486 | ORDER as to Donald Minnifield, Response to answer filed by USA may be filed by defendant on or before 10-10-00 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: defendant, Copies furnished to: USA,USM,USPTS,USPO (ekl) (Entered: 09/21/2000) |
| 09/21/2000 | | Deadline updated as to Donald Minnifield, Response to answer set for 10/10/00 for Donald Minnifield for [1484-1] response to 2255 petition (ekl) (Entered: 09/21/2000) |
| 10/10/2000 | 1495 | REPLY by Donald Minnifield to response to [1478-1] Amendment to [1275-1] motion to Vacate under 28 U.S.C. 2255 by Donald Minnifield Referred to Judge Coody/SA Anderson (snc) (Entered: |

| | | 10/11/2000) |
|---|---|---|
| 03/29/2001 | | **Added (ip) parties Montgomery U.S. Probation, U.S. Pretrial, US Marshals Service (snc) (Entered: 03/29/2001) |
| 04/19/2001 | 1530 | ORDER as to Donald Minnifield directing that any additional amendment to the 2255 motion shall be filed on or before 5/21/01 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies faxed to: USA, USPO (snc) (Entered: 04/19/2001) |
| 05/08/2001 | | **Reset last document number to 1536 (snc) (Entered: 05/08/2001) |
| 05/21/2001 | 1538 | MOTION by Donald Minnifield Requesting Leave to Amend Now Pending 28 USC 2255 Motion ([1275-1] motion to Vacate under 28 U.S.C. 2255) [1538-1] referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 05/22/2001) |
| 05/21/2001 | 1538 | Amendment to MOTION by Donald Minnifield to Vacate under 28 U.S.C. 2255 [1538-1] FILED PER 5/31/01 ORDER (snc) (Entered: 05/31/2001) |
| 05/31/2001 | 1542 | ORDER as to Donald Minnifield granting [1538-1] motion Requesting Leave to Amend Now Pending 28 USC 2255 Motion ([1275-1] motion to Vacate under 28 U.S.C. 2255) as to Donald Minnifield (11) setting supplemental Response to Motion due on 6/20/01 for governmentr [1538-1] supplemental amended motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies faxed to: usa, uspo (snc) (Entered: 05/31/2001) |
| 06/20/2001 | 1549 | June 20, 2001, Supplemental RESPONSE by USA as to Donald Minnifield re [1538-1] supplemental amended motion to Vacate under 28 U.S.C. 2255 referred to Mag. Judge Charles S. Coody/SA Anderson (snc) (Entered: 06/21/2001) |
| 06/29/2001 | 1553 | ORDER as to Donald Minnifield Reply to Gov's Response to Motion [1549] set for 7/9/01 for Donald Minnifield for [1538-1] supplemental amended motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: defendant, Copies furnished to: USA,USPO,SC (ekl) (Entered: 07/03/2001) |
| 07/18/2001 | 1558 | REPLY by Donald Minnifield to United States Supplement Response dated June 20, 2001 to 28:2255 Motion Referred to Judge Coody/SA Anderson (snc) (Entered: 07/18/2001) |
| 07/18/2001 | 1559 | Letter re receipt of court order by Donald Minnifield (construed by the Court as a motion to consider response as timely filed) Referred to Judge Coody (snc) (Entered: 07/27/2001) |
| 07/20/2001 | 1562 | Atty Rubino's ANSWER to Court Order Referred to Judge Coody(snc) Modified on 04/03/2003 (Entered: 07/27/2001) |

| 07/27/2001 | 1560 | ORDER as to Donald Minnifield construing defendant's 7/18/01 pleading as a motion to consider response as timely filed and granting motion ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: USA, USPO (snc) (Entered: 07/27/2001) |
| --- | --- | --- |
| 07/27/2001 | 1561 | ORDER as to Donald Minnifield reset deadline for affidavit from Atty Rubino for 8/6/01 re Minnifield's [1538-2] supplemental amended motion , directing that government is granted an extension to 8/27/01 to file their response re Dnald Minnifield [1538-1] supplemental amended motion to Vacate under 28 U.S.C. 2255 ( Signed by Mag. Judge Charles S. Coody ) Copies mailed to: dft, Copies furnished to: counsel, USA, USPO (snc) (Entered: 07/27/2001) |
| 08/20/2001 | 1563 | AFFIDAVIT of Frank A. Rubino Re: [1546-1] supplemental amended motion to Vacate under 28 U.S.C. 2255 Referred to Mag Judge Charles Coody/SA Anderson (snc) (Entered: 08/20/2001) |
| 02/10/2003 | | **Added (ip) party Richard Q. Thomas, 163 North Haardt Drive, Montgomery, AL 36105 (snc) (Entered: 02/11/2003) |
| 04/03/2003 | | Copy of 2255 Record furnished Atty Petersen pursuant to DN 1594 (snc) (Entered: 04/03/2003) |
| 06/13/2003 | 1634 | REPORT AND RECOMMENDATIONS of Mag. Judge Charles S. Coody as to Donald Minnifield Re: [1275-1] motion to Vacate under 28 U.S.C. 2255 ; Motion no longer referred Objections to R and R due by 6/26/03 Copies mailed to: dft, Copies furnished to: usa, counsel, uspo (snc) (Entered: 06/13/2003) |
| 06/18/2003 | | ** Renoticed document [1638-1] order to select counsel and dft for service (snc) (Entered: 06/18/2003) |
| 06/26/2003 | 1651 | MOTION by Donald Minnifield for Extension of Time [1651-1] referred to Mag. Judge Charles S. Coody (snc) (Entered: 06/26/2003) |
| 07/09/2003 | 1657 | STAMPED ORDER as to Donald Minnifield granting [1651-1] motion for Extension of Time as to Donald Minnifield (11) ( Entered by Mag. Judge Charles S. Coody ) Copies mailed to: deft, Copies furnished to: usa, uspo (sql) (Entered: 07/09/2003) |
| 07/21/2003 | 1676 | OBJECTION by Donald Minnifield to [1634-1] report and recommendations Referred to Mag Judge Coody (snc) (Entered: 07/21/2003) |
| 07/30/2003 | 1686 | OPINION as to Donald Minnifield ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, Copies furnished to: usa, uspo (snc) (Entered: 07/30/2003) |
| 07/30/2003 | 1687 | ORDER as to Donald Minnifield overruling the objections to the recommendation , adopting the recommendation of the Mag |

| | | |
|---|---|---|
| | | Judge, denying [1275-1] motion to Vacate under 28 U.S.C. 2255, as amended, ([1538-1] supplemental amended motion to Vacate under 28 U.S.C. 2255), taxing costs against defendant , and directing the clerk to enter document on the civil docket as a final judgment ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, Copies furnished to: usa,uspo (snc) (Entered: 07/30/2003) |
| 08/15/2003 | | USCA Case Number Re: [1690-1] appeal by Nathaniel Salery USCA NUMBER: 03-14035-J (kcg) (Entered: 08/18/2003) |
| 09/15/2003 | 1710 | MOTION by Donald Minnifield for a Certificate of Appealability [1710-1] referred to Judge Myron H. Thompson (kcg) (Entered: 09/17/2003) |
| 09/15/2003 | 1710 | NOTICE OF APPEAL (construed as containing a M/IFP) by to U.S. Circuit Court of Appeals, 11th Circuit, Copies mailed to: USCA, Dft, Copies furnished to: USA (kcg) (Entered: 10/02/2003) |
| 09/15/2003 | 1710 | MOTION by Donald Minnifield to Proceed on Appeal in Forma Pauperis [1710-1] referred to Judge Myron H. Thompson (kcg) (Entered: 10/02/2003) |
| 09/17/2003 | | REQUEST for Original Papers from USCA re: [1690-1] appeal by Nathaniel Salery (kcg) (Entered: 10/29/2003) |
| 09/23/2003 | 1713 | ORDER as to Donald Minnifield denying [1710-1] motion for a Certificate of Appealability as to Donald Minnifield (11) ( Signed by Judge Myron H. Thompson ) Copies mailed to: dft, USCA, Copies furnished to: USA (ydw) (Entered: 09/23/2003) |
| 10/02/2003 | | Notice of appeal and certified copy of docket, Judgments/Orders, and Magistrate Judge recommendations as to Donald Minnifield sent to USCA (11th Circuit): [1710-1] appeal (kcg) (Entered: 10/02/2003) |
| 10/02/2003 | | **Reset last document number to 1717 (kcg) (Entered: 10/02/2003) |
| 10/03/2003 | 1721 | ORDER as to Donald Minnifield denying [1710-1] motion to Proceed on Appeal in Forma Pauperis as to Donald Minnifield (11) ( Signed by Judge Myron H. Thompson ) Copies mailed to: USCA, Dft, Copies furnished to: USA (kcg) (Entered: 10/03/2003) |
| 10/14/2003 | | Received transcript order information sheet from Donald Minnifield with the following notation "Other, Proceedings complete docket for above case number". (kcg) (Entered: 10/15/2003) |
| 10/15/2003 | | USCA Case Number Re: [1710-1] appeal by Donald Minnifield USCA NUMBER: 03-15103-J (kcg) (Entered: 10/20/2003) |
| 10/17/2003 | | USCA Case Number Re: [1718-1] appeal by Oscar Andrews USCA NUMBER: 03-15104-J (kcg) (Entered: 10/20/2003) |
| 10/30/2003 | | **Terminated document(s) as to Oscar Andrews, terminating [1546-2] supplemental amended motion as to Oscar Andrews (1) |

| | | |
|---|---|---|
| | | per Judge Coody "rendered moot by final judgment; duplicative motion (snc) (Entered: 10/30/2003) |
| 11/04/2003 | | Received acknowledgment of receipt of Original Papers from USCA. (kcg) (Entered: 11/04/2003) |
| 11/04/2003 | | REQUEST for Original Papers from USCA re: [1711-1] appeal by Curtis Drayton (ydw) (Entered: 12/04/2003) |
| 11/04/2003 | | REQUEST for Original Papers from USCA re: [1710-1] appeal by Donald Minnifield (ydw) (Entered: 12/04/2003) |
| 11/20/2003 | 1744 | Entry of Dismissal of Appeal as to Robert Franklin Re: pursuant to dismissing [1712-1] appeal, terminated., for want of prosecution because the appellant has failed to pay the $100 docketing and $5 filing fees ($105) to the district court clerk the time fixed by the rules, effective this 17th day of November, 2003. (ydw) Modified on 01/21/2004 (Entered: 11/25/2003) |
| 11/20/2003 | | REQUEST for Original Papers from USCA re: [1718-1] appeal by Oscar Andrews (ydw) (Entered: 12/04/2003) |
| 11/26/2003 | | ** Renoticed document [1748-1] notice (to fax to counsel, etc.) (snc) (Entered: 11/26/2003) |
| 12/04/2003 | | Certified and transmitted Original Papers to U.S. Court of Appeals (11th Circuit) as to Donald Minnifield : [1710-1] appeal (ydw) (Entered: 12/04/2003) |
| 12/16/2003 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [1710-1] appeal by Donald Minnifield USCA Number: 03-15103-J (ydw) (Entered: 12/16/2003) |
| 12/16/2003 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [1711-1] appeal by Curtis Drayton USCA Number: 03-15102-J (ydw) (Entered: 12/16/2003) |
| 12/16/2003 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [1718-1] appeal by Oscar Andrews USCA Number: 03-151040-J (ydw) (Entered: 12/16/2003) |
| 12/29/2003 | | ORIGINAL PAPERS returned from U.S. Court of Appeals: [1690-1] appeal (ydw) (Entered: 12/29/2003) |
| 01/09/2004 | | REQUEST for Original Papers from USCA re: [1745-1] appeal by Frank Sowers (ydw) (Entered: 01/22/2004) |
| 01/20/2004 | 1761 | Entry of Dismissal of Appeal as to Ronald Lander Re: pursuant to dismissing [1740-1] appeal, terminated., for want of prosecution because the appellant has failed to pay the $250 docketing and $5 filing fee ($255) to the district court clerk within the time fixed by the rules, effective this 15th day of January, 2004. FOR THE COURT - BY DIRECTION (ydw) (Entered: 01/21/2004) |

| 01/21/2004 | | Original Papers returned from U.S. Court of Appeals: [1718-1] appeal (ydw) (Entered: 01/22/2004) |
| 01/21/2004 | | Original Papers returned from U.S. Court of Appeals: [1711-1] appeal (ydw) (Entered: 01/22/2004) |
| 01/21/2004 | 1764 | ORDER as to Donald Minnifield issued in lieu of the mandate, that appellant's motion for certificate of appealability is DENIED because appellant has failed to make the requisite showing. See 28U.S.C.2253(c)(2); Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED AS MOOT. /s/Susan H. Black UNITED STATES CIRCUIT JUDGE (ydw) (Entered: 01/22/2004) |
| 01/21/2004 | | Original Papers returned from U.S. Court of Appeals: [1710-1] appeal (ydw) (Entered: 01/22/2004) |
| 01/22/2004 | | Certified and transmitted Original Papers to U.S. Court of Appeals: [1745-1] appeal by Frank Sowers (ydw) (Entered: 01/22/2004) |
| 01/29/2004 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [1745-1] appeal by Frank Sowers USCA Number: 03-16060-J (ydw) (Entered: 01/30/2004) |
| 02/18/2004 | | REQUEST for Original Papers from USCA re: [1740-1] appeal by Ronald Lander (ydw) (Entered: 02/18/2004) |
| 02/26/2004 | | ACKNOWLEDGEMENT of RECEIPT of RECORD ON APPEAL from USCA Re: [1740-1] appeal by Ronald Lander USCA Number: 03-15807-J (ydw) (Entered: 02/26/2004) |
| 03/09/2004 | 1771 | ORDER (Rendered 3/5/04 issued in lieu of mandate) as to Donald Minnifield that Appellant has filed a motion for reconsideration of this Court's order dated 1/20/04. Upon reconsideration, appellant's motion for a certificate of appealability is DENIED because appellant has failed to make the requisite showing. See 28 U.S.C. 2253(c)(2); Appellant's motion for leave to proceed on appeal in forma pauperis is DENIED AS MOOT. Before BLACK and BARKETT, Circuit Judges. BY THE COURT: (ydw) (Entered: 03/16/2004) |
| 05/04/2004 | | ***Set MHT-Clerk B Flag as to all defendants (djy, ) (Entered: 05/04/2004) |
| 05/18/2004 | | ***Set MHT-Clerk B Flag as to Robert L. Franklin, Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Drayton, Lorenzo Hughes, Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis (snc) (Entered: 05/18/2004) |
| 06/15/2004 | ◑ | Judge update in case (for cm/ecf notification purposes per Judge Thompson) as to Robert L. Franklin, Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Drayton, Lorenzo Hughes, |

| | | |
|---|---|---|
| | | Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis. Judge Myron H. Thompson added. Judge Anthony Alaimo no longer assigned to case. (snc) (Entered: 07/13/2004) |
| 11/17/2004 | ⚲1809 | ORDER as to Robert L. Franklin, Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Drayton, Lorenzo Hughes, Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis directing the Clerk to withdraw funds from the court registry savings and to deposit funds in the Treasury's Unclaimed Money Fund account and to make disbursements as outlined in order. Signed by Judge Myron H. Thompson on 11/17/04. (Copy to Financial Clerk) (snc) (Entered: 11/17/2004) |
| 01/10/2005 | ⚲1817 | Pro Se MOTION for Return of Property by Donald Minnifield. (Attachments: # 1 Exhibit)(snc) (Entered: 01/10/2005) |
| 01/11/2005 | ⚲1818 | ORDER as to Donald Minnifield directing the government to Show Cause by 1/25/2005 as to why 1817 MOTION for Return of Property/PostTrial filed by Donald Minnifield should not be granted . Signed by Judge Charles S. Coody on 1/11/05. (snc) (Entered: 01/11/2005) |
| 01/25/2005 | ⚲1825 | RESPONSE TO ORDER TO SHOW CAUSE by United States of America as to Donald Minnifield re DN 1817 Defendant's Motion for Return of Property (Attachments: # 1 Docket Sheet - 2:94cv1654-D)(snc) (Entered: 01/26/2005) |
| 02/28/2005 | ⚲1832 | REPLY TO Government's RESPONSE to Motion by Donald Minnifield re 1817 MOTION for Return of Property/PostTrial (ws ) (Entered: 02/28/2005) |
| 03/25/2005 | ⚲1835 | Pro Se MOTION Under the Federal Rules of Criminal Procedure Requesting All Grand Jury Minutes by Donald Minnifield. (snc) (Entered: 03/28/2005) |
| 03/28/2005 | ⚲1836 | ORDER denying 1835 Motion Requesting all Grand Jury Minutes as to Donald Minnifield (11). Signed by Judge Myron H. Thompson on 3/28/05. (snc) (Entered: 03/28/2005) |
| 04/08/2005 | ⚲1837 | Pro Se MOTION Under the Federal Rules of Criminal Procedure Requesting All Grand Jury Minutes by Donald Minnifield. (snc) (Entered: 04/11/2005) |
| 04/18/2005 | ⚲1838 | ORDER ON MOTION and MEMORANDUM OPINIONdenying 1837 Motion for Grand Jury Minutes as to Donald Minnifield (11). Signed by Judge Charles S. Coody on 4/18/05. (snc) (Entered: 04/18/2005) |

| 05/09/2005 | 1840 | NOTICE OF APPEAL of Magistrate Judge's Order to District Judge by Donald Minnifield as to 1838 Order denying a motion requesting all Grand Jury minutes (ydw, ) (Entered: 05/09/2005) |
|---|---|---|
| 05/11/2005 | 1841 | ORDER as to Donald Minnifield re 1840 Notice of Appeal - Magistrate Judge's Order to District Judge, and after an independent and de novo review of the record, it is ORDERED that the order of the United States Magistrate Judge at issue is affirmed . Signed by Judge Myron H. Thompson on 05/11/05. (ydw, ) (Entered: 05/11/2005) |
| 05/23/2005 | 1842 | ORDER as to Donald Minnifield re 1817 MOTION for Return of Property/PostTrial filed by Donald Minnifield setting oral argument (Motion Hearing) by telephone for 6/24/2005 11:00 AM before Honorable Charles S. Coody, directing the United States to set up the telephone call, directing the BOP to make plaintiff (defendant Minnifield) available for the telephone call, and directing the Clerk to serve a copy of this order on the BOP. Signed by Judge Charles S. Coody on 5/23/05. Copy of order e-noticed to BOP and mailed to Warden, FCI Leavenwoth, P. O. Box 1000, Leavenworth, KS 66048-1000 (snc) (Entered: 05/23/2005) |
| 05/23/2005 | 1845 | NOTICE OF APPEAL (Interlocutory) by Donald Minnifield to the United States Court of Appeals Eleventh Circuit from the 1841 Order, entered on 5/11/05. Copies mailed (ydw, ) (Entered: 05/25/2005) |
| 05/23/2005 |  | Notice of Appeal 1845, which the court is treating as a MOTION for Leave to Appeal In Forma Pauperis by Donald Minnifield. No pdf with this docket attached. (ydw, ) (Entered: 05/27/2005) |
| 05/25/2005 |  | Transmission of Notice of Appeal and Certified Copy of Docket Sheet and Order as to Donald Minnifield to US Court of Appeals re 1845 Notice of Appeal - Interlocutory (ydw, ) (Entered: 05/25/2005) |
| 05/27/2005 | 1846 | ORDER denying Motion for Leave to Appeal In Forma Pauperis as to Donald Minnifield (11); and that the appeal in this cause be and it is hereby certified, pursuant to 28 U.S.C.A. 1915(a)(3), as not taken in good faith. Signed by Judge Myron H. Thompson on 05/27/05. (ydw, ) (Entered: 05/27/2005) |
| 06/03/2005 |  | USCA Case Number as to Donald Minnifield 05-13015-A for 1845 Notice of Appeal - Interlocutory filed by Donald Minnifield. (ydw, ) (Entered: 06/13/2005) |
| 06/06/2005 | 1848 | Received TRANSCRIPT Order Information Sheet from pro se Appellant Donald Minnifield re 1845 Notice of Appeal - Interlocutory, with following notation: "All necessary transcript(s) on file" (ydw, ) (Entered: 06/16/2005) |
| 06/08/2005 | 1847 | RESPONSE to Motion by United States of America as to Donald Minnifield re 1817 MOTION for Return of Property/PostTrial *(Additional Response to Order)* (Attachments: # 1 Attachment 1. |

| | | Order of Forfeiture and Order for Release of Specific Indicted Property# 2 Attachment 2. Release of Lis Pendens)(Harmon, John) (Entered: 06/08/2005) |
|---|---|---|
| 06/24/2005 | 1849 | RECOMMENDATION OF THE MAGISTRATE JUDGE as to Donald Minnifield re 1817 MOTION for Return of Property/PostTrial; Objections to R&R due by 7/8/2005. Signed by Judge Charles S. Coody on 6/24/05. (ws) (Entered: 06/24/2005) |
| 06/24/2005 | 1850 | Minute Entry for proceedings held before Judge Charles S. Coody :Motion Hearing as to Donald Minnifield held on 6/24/2005 re 1817 MOTION for Return of Property/PostTrial filed by Donald Minnifield (Recording Time FTR: 11:02 - 11:08.) (ws, ) (Entered: 06/24/2005) |
| 06/30/2005 | | Request for Original Papers By USCA Eleventh Circuit re: 05-13015-A, 1845 Notice of Appeal (ydw, ) (Entered: 07/20/2005) |
| 07/12/2005 | 1853 | OBJECTION TO REPORT AND RECOMMENDATIONS 1849 by Donald Minnifield (snc) (Entered: 07/13/2005) |
| 07/18/2005 | 1854 | ORDER (1) denying defendant's objections 1853 to Magistrate Judge's recommendation, (2) adopting the Magistrate Judge's 1849 Report and Recommendations, and (3) denying 1817 MOTION for Return of Property/PostTrial filed by Donald Minnifield . Signed by Judge Myron H. Thompson on 7/18/05. (snc) (Entered: 07/18/2005) |
| 07/20/2005 | | Original Papers Transmitted to USCA re; 05-13015-A, 1845 Notice of Appeal (ydw, ) (Entered: 07/20/2005) |
| 07/27/2005 | | Acknowledgement of Receipt of Original Papers from USCA re 05-13015-A, 1845 Notice of Appeal - Interlocutory (ydw, ) (Entered: 07/28/2005) |
| 07/29/2005 | | Acknowledgement of Receipt of Original Papers from USCA re 05-13015-A, 1845 Notice of Appeal - Interlocutory (ydw, ) (Entered: 08/01/2005) |
| 08/08/2005 | 1855 | NOTICE OF APPEAL by Donald Minnifield to the United States Court of Appeals Eleventh Circuit from the re 1854 Order Adopting Report and Recommendations, Terminate Motions, entered on July 18, 2005. Copies mailed (ydw, ) (Entered: 08/08/2005) |
| 08/08/2005 | | Transmission of Notice of Appeal and Certified Copy of Docket Sheet and Order as to Donald Minnifield to US Court of Appeals re 1855 Notice of Appeal (ydw, ) (Entered: 08/08/2005) |
| 08/08/2005 | | Notice of Appeal 1855 treated as a MOTION for Leave to Appeal In Forma Pauperis by Donald Minnifield. No PDF document with this entry (ydw, ) (Entered: 08/15/2005) |
| 08/15/2005 | 1856 | ORDER denying [] Motion for Leave to Appeal In Forma Pauperis as to Donald Minnifield (11); and that the appeal in this cause be and it is hereby certified, pursuant to 28 U.S.C.A. 1915(a)(3), as |

| | | |
|---|---|---|
| | | not taken in good faith. Signed by Judge Myron H. Thompson on 8/15/05. (ydw, ) (Entered: 08/15/2005) |
| 08/17/2005 | | USCA Case Number as to Donald Minnifield 05-14414-A for <u>1855</u> Notice of Appeal filed by Donald Minnifield. (ydw, ) (Entered: 08/18/2005) |
| 08/22/2005 | <u>1860</u> | Received TRANSCRIPT Order Information Sheet re <u>1855</u> Notice of Appeal - Interlocutory from pro se Appellant Donald Minnifield, with no request. (ydw, ) (Entered: 08/25/2005) |
| 08/23/2005 | <u>1861</u> | ORDER of USCA as to Donald Minnifield re 05-13015-A, <u>1845</u> Notice of Appeal; That Appellant's motion for in forma pauperis status is DENIED because the appeal is frivolous. See Ellis v. United States, 356 U.S.674, 674-75, 78 S.Ct. 974, 2 L.Ed.2d1060 (1958). /s/ Stanley Marcus, UNITED STATES CIRCUIT JUDGE (ydw, ) (Entered: 08/25/2005) |
| 08/23/2005 | | Original Papers Received from USCA RE:05-13015-A, <u>1845</u> NOTICE OF APPEAL (ydw, ) (Entered: 08/25/2005) |
| 09/14/2005 | <u>1862</u> | Entry of Dismissal ISSUED AS THE MANDATE of USCA (certified copy) as to Donald Minnifield re <u>1845</u> Notice of Appeal - Interlocutory; Pursuant to the 11th Cir.R.42-1(b), this appeal is hereby dismissed for want of prosecutio because the appellant has failed to pay the $250 docketing and $5 filing fees ($255) to the district court clerk within the time fixed by the rules, effective this 12th day of September, 2005. FOR THE COURT - BY DIRECTION (ydw, ) (Entered: 09/14/2005) |
| 09/30/2005 | <u>1864</u> | Entry of Dismissal issued as the MANDATE of USCA (certified copy) as to Donald Minnifield re 05-14414-A, <u>1855</u> Notice of Appeal - Interlocutory; Pursuant the 11TH Cir.R.42-1(B), this appeal is hereby dismissed for want of prosecution because the appellant has failed to pay the $250 docketing and $5 filing fees ($255) to the district court clerk within the time fixed by the rules, effective this 29th day of September, 2005. FOR THE COURT - BY DIECTION (ydw, ) (Entered: 10/03/2005) |
| 11/03/2005 | | Motion to Vacate Pursuant to 28:2255 filed by Donald Minnifield in 2:05cv1066-T (snc) (Entered: 11/07/2005) |
| 11/17/2006 | | Terminated Objections Deadline re <u>1634</u> RR as to Donald Minnifield pursuant to 7/30/03 order <u>1687</u> (snc, ) (Entered: 11/17/2006) |
| 01/25/2007 | <u>1897</u> | CLERK'S NOTICE of Intent to Return or Dipose of Trial Exhibits as to Robert L. Franklin, Oscar Andrews, Terry Mitchell, Richard Thomas, Curtis Drayton, Lorenzo Hughes, Nathaniel Salery, Curtis Bell, Ulysses Morris, Mary Morrow, Donald Minnifield, Frank Sowers, Geraldine Frazier, Gerald Wells, Dennis Price, James Donald Bowman, Ronald Lander, Wallace Salery, Mary Mitchell, Jerry Lindsey Artis (Attachments: # <u>1</u> Notice to Return or Dispose |

| | | of Trial Exhibits)(kcg, ) (Entered: 01/25/2007) |

AO 245 S (Rev. 4/90)(MD/AL. rev. 5/27/.    Sheet 1 - Judgment in a Criminal Case        **FILED**

# UNITED STATES DISTRICT COURT
## Middle District of Alabama
### Northern Division

**JUN 1 2 1995**

CLERK
U. S. DISTRICT COURT
MIDDLE DIST OF ALA

UNITED STATES OF AMERICA

v.                                        Case Number CR 94-62-N-011

DONALD MINNIFIELD
        Defendant.

## JUDGMENT IN A CRIMINAL CASE
**(For Offenses Committed On or After November 1, 1987)**

The defendant, DONALD MINNIFIELD, was represented by Charles Law.

On motion of the United States the Court has dismissed Count I.

The defendant was found guilty on Counts II, V, VI, and VII after a plea of not guilty.  Accordingly, the defendant is adjudged guilty of such counts, involving the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 USC 848 (a) | Continuing Criminal Enterprise | 06/06/94 | 2 |
| 21 USC 841 (a)(1) | Distribution of Cocaine Hydrochloride | 07/16/92 | 5 |
| 21 USC 841 (a)(1) | Distribution of Cocaine Hydrochloride | 07/28/92 | 6 |
| 21 USC 841 (a)(1) | Distribution of Cocaine Hydrochloride | 08/21/92 | 7 |

As pronounced on May 22, 1995, the defendant is sentenced as provided in pages 2 through 4 of this Judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the Clerk, U.S. District Court, a special assessment of $ 200.00, for Counts II, V, VI, and VII, which shall be due immediately.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 6th day of June, 1995.

_____
Senior United States District Judge

Defendant's SSAN:  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
Defendant's Date of Birth:  10/21/58
Defendant's address:  2642 Norwick Drive; Montgomery, AL 36116



EOD ___ 6-12-95

1/32

Judgment--Page 2 of 4

Defendant: DONALD MINNIFIELD
Case Number: CR 94-62-N-011

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of the defendant's life. This term consists of terms of life on Count II and 240 months on Counts V, VI, and VII, all such terms to be served concurrently.

The defendant is to stand committed for service of this sentence this date.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Judgment--Page 3 of 4

Defendant: DONALD MINNIFIELD
Case Number: CR 94-62-N-011

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 5 years. This term consists of terms of five years on each of Counts II, V, VI and VII, all such terms to run concurrently.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1.  If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2.  If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release according to a schedule to be determined by the probation officer.

3.  The defendant shall not own or possess a firearm or destructive device.

4.  The defendant shall submit to a drug test when ordered to do so by a probation officer. If determined necessary by the probation officer, the defendant shall participate in a substance abuse treatment program as directed by the probation officer.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1)  The defendant shall not leave the judicial district without the permission of the court or probation officer.
2)  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3)  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4)  The defendant shall support his or her dependents and meet other family responsibilities.
5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6)  The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245 S (Rev. 4/90)(MD/AL rev. 5/27/9 Sheet 7 - Statement of Reasons

Defendant: DONALD MINNIFIELD
Case Number: CR 94-62-N-011

## STATEMENT OF REASONS

The Court adopts the factual findings and guideline application in the presentence report.

**Guideline Range Determined by the Court:**

| | |
|---|---|
| Total Offense Level: | 44 |
| Criminal History Category: | V |
| Imprisonment Range: | life |
| Supervised Release Range: | 3 to 5 years, each count |
| Fine Range: | $ 25,000 to $ 5,000,000 |
| Restitution: | $ 0 |

The fine is waived or is below the guideline range because of the defendant's inability to pay.

The Court finds that there is no identifiable victim who incurred a financial loss as a result of this offense, and therefore declines to order restitution.

The sentence is imposed at life because of the nature and seriousness of the offense and the need to protect the public from further crimes of the defendant.

The Court finds that the sentence imposed is consistent with the factors stated at 18 U.S.C. §3553(a) to be considered in imposing a sentence.