IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DONALD MINEFIELD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v ) | Civil Action No. 2:07cv278-MEF |
| ) | (WO) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This action is before the court on a pleading styled as a "*Memorandum of Points and Authorities to Dismiss the Indictment in the Instant Matter Based upon Lack of Jurisdiction, with Simultaneous Request for Relief Pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure Regarding Void Judgments as Applied to the Denial of Petitioner's 2255*," filed by federal inmate Donald Minefield[1] ("Minefield") on March 27, 2007 (Doc. No. 1).[2] Minefield challenges his 1995 convictions and sentence for engaging in a continuing criminal enterprise ("CCE") and three counts of cocaine distribution. For the reasons now discussed, the court concludes that he is entitled to no relief.

---

[1]Throughout the pleadings and the criminal history of this petitioner, his name has been spelled variously as Minnifield, Minifield, and Minefield. The petitioner signs his name "Minefield," and the minutes from the trial reflect that Minefield is the correct spelling of his name.

[2]Although Minefield's motion is date-stamped "received" on March 30, 2007, under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, March 27, 2007, the day that he signed it. *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

## I. DISCUSSION

Minefield contends that (1) his conviction and sentence are void and in violation of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), because the indictment failed to allege each essential element of the charged offenses; (2) his sentence violates the rule established in *Apprendi* because it was increased above the prescribed statutory maximum based on judicial factfinding; (3) the jury in his case was not instructed that it must unanimously agree about which specific violations made up the "continuing series of violations" in the CCE charge, in violation of *Richardson v. United States*, 526 U.S. 813 (1999); (4) his trial counsel was ineffective; and (5) because the United States Sentencing Guidelines are no longer mandatory, he should be resentenced without their mandatory application. (Doc. No. 1.)

Minefield's claims attack the fundamental legality of his conviction and sentence rather than the integrity of a judgment of this court denying a prior application for habeas relief filed by Minefield.[3] Therefore, Minefield's reliance on Fed.R.Civ.P. 60(b)(4) as a vehicle for seeking relief in this case is unavailing. *See Gonzalez v. Crosby*, 545 U.S. 524 (2005); *El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).[4] *See*

---

[3] At one point in his pleading, Minefield suggests that a previous § 2255 motion filed by him was wrongly denied. (*See* Doc. No. 1 at 17-21.) However, to the extent that any of his arguments in this regard can be understood, it is evident that he is, in substance, challenging his conviction on the CCE charge.

[4] In *Gonzalez*, the Supreme Court held that, where a previous habeas petition has been denied, a nominal Rule 60(b) motion containing one or more "claims" for relief – i.e., "an asserted federal basis for relief from a ... judgment of conviction" – is in substance a successive petition for habeas relief. *See* 545 U.S. at 529-32. In *El-Amin* and *Terrell*, *supra*, the Eleventh Circuit stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings.

*also United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003) ("Rule 60(b) simply does not provide for relief from judgment in a criminal case.") (internal quotations and citation omitted).

Because the claims asserted by Minefield challenge the fundamental legality of his conviction and sentence, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, regardless of Minefield's own labeling of the instant motion, this court finds that his motion is of the same legal effect as, and should be construed as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See United States v. Jordan*, 915 F.2d 622, 624-25 (11th Cir. 1990) (federal courts have "an obligation to look behind the label of a motion filed by a pro se inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

This is at least the second § 2255 motion filed by Minefield attacking his 1995 conviction and sentence. Minefield's first § 2255 motion was filed on June 21, 1999. *See United States v. Minefield*, Case No. 2:94cr62-MHT, Doc. No. 1275. On June 13, 2003, this court denied that motion, as amended, deciding all claims adversely to Minefield. *Id.* - Doc. No. 1634 - *Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of July 30, 2003, Doc. No. 1687). On October 28, 2005, Minefield filed a pleading styled as a "*Pro Se ex Parte Extraordinary Special Motion under Rule 60(b) with the Implimentation(s)* [sic] *of 18 U.S.C.A. § 3582(c)(2) with Mitigating Factors and*

3

*Essential Elements That Warrant an Evidentiary Hearing Pursuant to 18 U.S.C.A. § 3353(a) for a Complete Vacation of the Term Imposed as a Direct Result of Newly Discovered Evidence, Ineffective Assistance of Counsel, and the Unconstitutional U.S. Sentencing Guidelines, Inter Alia(s),*" also challenging his 1995 conviction his sentence. *See United States v. Minefield*, Case No. 2:05cv1066-MHT, Doc. No. 1. Because that motion attacked the fundamental validity of Minefield's conviction and sentence, this court characterized the motion (which, as noted above, the court has done with the instant motion as well) as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Minefield had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion. *United States v. Minefield*, Case No. 2:05cv1066-MHT - Doc. No. 2 - *May 25, 2006, Recommendation of the Magistrate Judge* (adopted as Judgment of the court by final order of August 14, 2006, Doc. No. 11).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A). The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of

the offense;[5] or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Minefield's present motion, and the motion is due to be summarily dismissed.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion filed by Minefield on March 27, 2007 (Doc. No. 1), be denied and this case dismissed, as Minefield has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

---

[5] Minefield asserts that his is actually innocent and that he has newly discovered evidence that necessitates the vacatur of his sentence. (*See* Doc. No. 1 at 17-25.) He presents no reason why he cannot present this evidence to the appellate court. This court notes, however, that Minefield's actual innocence claim in his initial § 2255 motion was decided adversely to him and that the Eleventh Circuit, on direct appeal, found the evidence of his guilty overwhelming. Nonetheless, Minefield is required first to present this evidence to the Eleventh Circuit and to receive certification authorizing this court to consider this claim within the content of his § 2255 motion.

before **April 17, 2007**. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 4th day of April, 2007.

      /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE