IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | | |
|---|---|---|
| DONALD MINEFIELD, | ) | |
| PETITIONER, | ) | |
| v. | ) | CIVIL ACTION No. 2:07cv278-MEF |
| UNITED STATES OF AMERICA, | ) | |
| RESPONDENT. | ) | |
| _____ | ) | |

MOTION FOR PETITIONER'S OBJECTIONS

TO THE REPORT AND RECOMMENDATION OF

CHIEF MAGISTRATE JUDGE CHARLES S. COODY

**COMES NOW** the petitioner Donald Minefield, In Propia Persona, in the above entitled matter and respectfully files his objections pursuant to the Federal Rules of Civil Procedure, Rule 72 (b), to the report and recommendation of the Chief United States magistrate Judge Charles S. Coody, entered on April 4, 2007.

as grounds in support of the petitioner's objections states as follows:

1). This In Propia Persona Petitioner has pursuant to the Rule 60 (b)(4)and(6) of the Federal Rules of Civil Procedure now file his objections based upon the facts that the court is in error in making the decision that the petitioner claims attack the funda- mental legality of his conviction and sentence rather than the in-

(1)

tegrity of a judgment of this court denying a prior application for habeas relief filed by Petitioner Minefield.

2). The Petitioner would like this Honorable Court to note his objections to the United States Magistrate Judge's report and recommendation because the petitioner's Rule 60(b)(4) has been misconstrued by this court. The Petitioner contends that the court would be in error in making such a holding based upon the following analysis.

3). First; no action was ever taken on the Rule 60(b) regarding these claims. Second; this court may entertain a manifest injustice issue pursuant to Rule 60(b) if the application for relief do attack the integrity of a judgment of a court's prior application for habeas relief.

4). The Petitioner would like this Honorable Court to note his objections to the recommendation of the Magistrate Judge's decision on April 4, 2007 because the court, in the instant matter, erred in recharacterizing the motion as a successive 2255, based upon the <u>petitioner having previously litigated a 2255 in this case</u>. This would be constitutionally infirm error, as the motion called into review the previous 2255 petition, and clearly under any theory would not qualify as a successive petition pursuant to prevailing law.

5). The Petitioner objection to the Magistrate Judge's recommendation that the Petitioner's reliiance on Fed.R.Civ.p. 60 (b)(4) as a vehicle for seeking relief in this case is unavailing. Petitioner contends that Rule 60 (b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly

discovered evidence.

"Rule 60(b) provides in relevant part:"

"On motion and upon such terms as are just, the court may relieve a party...from a final judgment, order, or proceeding for the following reasons:(1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under 59(b);(3) fraud....,misrepresentation, or misconduct of an adverse party;(4) the judgment is void;(5) the judgment has been satisfied, release, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or is no longer equitable that the judgment should have prospective application; or(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons, (1),(2),(3) not more than one year after the judgment, order, or proceeding was entered or taken."

5). Rule 60 (b) (6), the particular provision under which the petitioner also brought his motion, permits reopening when the movant shows "any...reason justifying relief from the operation of the judgment" other than the more specific circumstances set out in Rule 60(b)(1)-(5). See <u>Liljeberg v. Health Services Acquisition Corp.</u>, 486 U.S. 847, 863, n.11 (1988); <u>Klapprott v. United States</u>, 335 U.S. 601, 613 (1949) (opinion of Black, J.).

6). The Petitioner object totally to the Magistrate Judge's recommendation because on January 12, 2005, numbers 04-104 & 04-105; the Supreme Court of the United States cancelled all orders in a Criminal Case that caused imprisonment. In short, the 'Supremes' said all judgments issued under USSG (United States Sentencing Guidelines) were void for violations of the Fifth and Sixth Amendments. The Court did not address the violations of separation of powers which was not raised in any of the papers. Yet this is the key to understanding the cancellation.

(3)

7). This Petitioner has never attempted any collateral challenge, regarding the claims he has presented in his Rule 60(b) motion of his conviction and sentence in violation of the defective indictment; his sentence violates the rule established in Apprendi, Booker, and Blakely based on judicial factfinding; and where the jury in this case was not instructed that it must unanimously agree about which specific violations made up the "continuing series of violations" in the CCE charge, in violation of Richardson v. United States, 526 U.S. 813 (1999); as well as his counsel was ineffective; and the United States Sentencing Guidelines are no longer mandatory, and the petitioner should be resentenced without their mandatory application. (Doc No. 1). The petitioner has the right pursuant to the Supreme Court's recent decisions in APPRENDI, BOOKER, BLAKELY, and now CUNNINGHAM, (supra) to seek collateral redress based upon the arguments contained in his Rule 60(b) motion.

8). The Petitioner further contends that at stake in this case are constitutional protections of surpassing importance: the proscription of any deprivation of liberty without "due process of law," Amdt. 14, and the guarantee that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury," Amdt. 6. Taken together, these rights indisputably entitle a criminal defendant to "a jury determination that [he] is guilty of every element of the crime with which he is charged, beyond a reasonable doubt." United States v.Gaudin, 515 U.S. 506, 510 (1995); see also Sullivan v. Louisiana, 508 U.S. 275, 278 (1993); Winship, 397 U.S. at 364 ("[T]he Due Process Clause protects the

(4)

accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged"). (147 L.Ed 2d at 447).

9). The Petitioner states that, when viewed from the perspective that the petitioner did receive ineffective assistance of counsel, there can be no question that he was, indeed, the victim of ineffective assistance of counsel as determined by the Supreme Court in <u>Strickland v. Washington</u>, <u>supra</u>, as well as the Fifth Circuit Court in <u>United States v. White</u>, 307 F.3d 336 (th Cir. 2002).

The Petitioner further states that there can equally be no question that the district court was clearly in error, (as well as abused it's discretionary authority), by it's failure to correctly consider, on the merits, the petitioner's 60(b) motion. This is especially true where the petitioner's entitlement to that relief was so clearly demonstrated both in law as well as in fact.

10). The Petitioner contends that when one considers the overwhelming odds that were stacked against the petitioner in this case, it becomes even more apparent that he was in desperate need of a loyal advocate, which his counsel failed to be, and thus was in violation of both spirt and the letter of the Sixth Amendment.

Based upon counsel of record errors in this case, the petitioner contends that no reasonable viewer of the facts of this case would, in any way, have considered the decision and actions of the petitioner's counsel of record to have been the product of **"sound trial strategy"** but, instead, represented errors of constitutional dimension which were so plainly a violation of the petitioenr's fundamental rights as to be construed as **"manifest**

injustice" which the Supreme Court described in <u>Hill v. United States</u>, 368 U.S. 424 (1962) as "a fundamental defect which inherently results in a complete miscarriage of justice, or an omission that is inconsistent with the rudimentary demands of fair procedure." <u>Id</u>. See Also: <u>Machibroda v. United States</u>, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473 (1962).

11). Finally, the petitioner states that the issues described herein are more than a sufficient demonstration of "any other compelling reason justifying relief from the operation of the judgment." <u>Id</u>. Rule 60(b)(6). <u>Klapprott v. United States</u>, 335 U.S. 601, 614-15, 69 S.Ct. 384, 390, 93 L.Ed. 266 (1949),"Rule 60(b), <u>Fed. R. Civ.P.</u>, has invested federal courts with the power in certain restricted circumstances to vacate judgments whenever such action is appropiate to accomplish justice."

**WHEREFORE:** the Petitioner Donald Minefield, prays that this Honorable Court will note his objections in the interest of justice to the United States Chief Magistrate Judge Charles S. Coody recommendation entered on April 4, 2007. The Petitioner further requests that this court reconsider, on the merits, the claims for relief raised by the Petitioner. The Petitioner finally requests that this court grant him any and all other relief that this court, in it's wisdom, deems is just and appropriate under the circumstances.

Dated this _16_ day of April, 2007.

Respectfully submitted,

_____
DONALD MINEFIELD , PRO-SE
REG. No. 09298-002
UNITED STATES PENITENTIARY-HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

### PROOF OF SERVICE

I Donald Minefield , do hereby certify that I caused to be mailed the original of the foregoing to **Clerk of the Court, Office of the Clerk, United States District Court, P.O. BOX 711, Montgomery, Alabama  36101-0711** after having first placed same in an envelope, with sufficient first class postage affixed (Pre-Paid) and then depositing same in the prison mail box, on this __16__ Day of April, 2007.

_____
DONALD MINEFIELD

(7)

CLERK OF THE COURT
OFFICE OF THE CLERK
U.S. DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711

INMATE NAME: DONALD MINEFIELD
REGISTER NO. 09248-002
UNITED STATES PENITENTIARY - HAZELTON
P.O. BOX 2000
BRUCETON MILLS, WEST VIRGINIA 26525

LEGAL MAIL: